IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRIAN JACKSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:24-CV-1242-O |
| | § | (NO. 4:22-CR-0038-O)On |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Brian Jackson under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.  BACKGROUND**

On February 9, 2022, Movant was named along with others in a two-count indictment charging him in count one with attempted interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), and in count two with interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a). CR ECF No.[1] 3. Movant initially entered a plea of not guilty. CR ECF No. 27. He later signed a factual resume, CR ECF No. 62, and a plea agreement pursuant to which he agreed to enter a plea of guilty as to count one of the indictment and the government agreed not to bring any additional charges against him based on the conduct underlying and related to the plea and to dismiss any remaining charges. CR ECF No. 63. In addition, the plea agreement set forth

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:22-CR-0038-O.

the maximum penalties Movant faced, the Court's sentencing discretion, that the plea was freely and voluntarily made and not the result of force, threats, or promises, that Movant waived his right to appeal or otherwise challenge his sentence except in certain limited circumstances, and that Movant had thoroughly reviewed all legal and factual aspects of the case with his counsel and was fully satisfied with his legal representation. CR ECF No. 63. The factual resume set forth the penalties Movant faced as to count one of the indictment, the elements of the offense charged by count one, and the stipulated facts establishing that Movant had committed the offense charged by count one. CR ECF No. 62.

On April 21, 2022, Movant appeared in open court for rearraignment. He testified under oath that: he understood the rights he was giving up by pleading guilty to count one of the indictment; he understood he should not rely on any statement or promise of any kind as to what penalty might be assessed against him; he and counsel had reviewed the indictment and he understood the charges against him; he understood the essential elements of count one and admitted that he committed each of them; he had had enough time to discuss the case with counsel and was satisfied with his representation; he understood all of the information contained in the plea agreement and had no questions about any aspect of it; he understood the penalties he faced; he understood that he was waiving his right to appeal or otherwise contest his conviction and sentence except in certain limited circumstances; no one had promised him anything or coerced him in any way into pleading guilty; and, he had read and understood the factual resume and all of the information contained in it and all of the facts in it were true and correct.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 20. CR ECF No. 88, ¶ 30. He received a five-level enhancement

for brandishing firearms during the offense. *Id.* ¶ 35. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 37, 38. Based on a total offense level of 22 and a criminal history category of IV, his guideline imprisonment range was 63 to 78 months. *Id.* ¶ 86. The PSR included discussions of factors that might warrant departure, *id.* ¶¶ 100–02, as well as factors that might warrant a sentence outside the advisory guideline system. *Id.* ¶ 103. Movant filed objections, CR ECF No. 97, and the probation officer prepared an addendum to the PSR. CR ECF No. 111. Movant filed a sentencing memorandum asking the Court to grant a downward variance and sentence him to 46 months. CR ECF No. 130.

After the PSR was prepared, Movant filed a *pro se* document alleging that the Hobbs Act is unconstitutional. CR ECF No. 125. Counsel filed a motion for withdrawal of guilty plea on Movant's behalf. CR ECF No. 128. The government filed a response opposing the motion. CR ECF No. 133. At sentencing, Movant announced that he was withdrawing his motion. CR ECF No. 158 at 3. The Court heard and overruled the objections, adopting the PSR and addendum. *Id.* at 4–7. Movant declined to make any statement. *Id.* at 11.

The Court sentenced Movant to a term of imprisonment of 120 months, CR ECF No. 144, an upward variance based on Movant's history of committing robberies. CR ECF No. 145. One robbery was committed while Movant was on parole and wearing an electronic monitor. CR ECF No. 158 at 12–13. The sentence was necessary for adequate deterrence as Movant remained a violent danger to the public. *Id.* at 13. Movant appealed, CR ECF No. 140, despite having waived the right to do so. CR ECF No. 63, ¶ 11. He filed a motion for substitution of counsel on appeal, CR ECF No. 153, which was granted. CR ECF No. 154. Another attorney was appointed to represent him on appeal. CR ECF No. 155. The United States Court of Appeals for the Fifth Circuit

3

affirmed the judgment. *United States v. Jackson*, 88 F.4th 596 (5th Cir. 2023).

## II. GROUNDS OF THE MOTION

Movant asserts four grounds in support of his motion: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) insufficient factual basis to support his plea; and (4) abuse of discretion by the Court in imposing an upward variance. ECF No.[2] 1 at 2.

## III. APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or without *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### IV. ANALYSIS

Movant's allegations regarding trial counsel are wholly conclusory and without merit. He contends that counsel failed to file pretrial motions, but he does not describe any particular motion that should have been filed much less explain how any such motion would have impacted the outcome of the case. *Miller*, 200 F.3d at 282. The argument that counsel provided ineffective

assistance is apparently based on the erroneous notion that Movant did not commit a federal crime even though he stipulated to the facts establishing that he did so.

Movant alleges that counsel erroneously advised him that count two would not affect him and would have nothing to do with his sentencing. ECF No. 1 at 6. However, Movant testified in open court that he understood that the Court was not bound by facts stipulated and could take into account other facts and that he should not rely on any representations as to what sentence might be imposed. Further, he testified that he had read and fully understood the plea agreement and that he was satisfied with counsel. CR ECF No. 157. In his plea agreement and at rearraignment, Movant acknowledged that he faced a term of imprisonment of up to twenty years. CR ECF No. 63, ¶ 3; CR ECF No. 157 at 15–17. He testified that no one had made any promise or assurance of any kind to induce him to plead guilty. CR ECF No. 157 at 18.

Movant's plea agreement and factual resume are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Movant's solemn declarations in open court, admitting among other things that he understood the charges against him, the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for this alleged deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant

6

about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 582 U.S. 357, 369 (2017). Instead, the Court looks to the contemporaneous evidence, which establishes that Movant's plea was knowing, voluntary, and intelligent. As the Fifth Circuit noted, it was "highly unlikely that he would have risked the harsher § 924(c) charges" by going to trial. *Jackson*, 88 F.4th at 602.

Finally, Movant refers to his motion to withdraw his plea. ECF No. 1 at 5. He alleges that counsel told him the Court would deny it anyway, *id.*, which is correct. *See United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984) (setting forth factors considered in determining whether to allow withdrawal of plea). He seems to complain that the motion was withdrawn by counsel at sentencing without his consent. However, the record does not support that contention. Moreover, Movant has not shown any harm as a result.

In support of his second ground, Movant alleges that his appellate counsel provided ineffective assistance because she failed to argue that the factual basis for the first element of Hobbs Act robbery was inadequate and that the Court abused its discretion in imposing an upward variance. ECF No. 1 at 9–12. He also complains that counsel failed to file a petition for writ of certiorari. *Id.* at 12.

An attorney's decision to omit an argument on appeal rises to ineffectiveness only when directly controlling authority reveals that the argument would likely have been successful. *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999). Directly controlling precedent is rare. *Id.*, 183 F.3d at 463 n.7. Here, Movant does not cite to any controlling authority. Nor could he. As the Fifth Circuit pointed out, Movant stipulated that he sought to "obtain personal property, consisting of U.S. currency from the person and in the presence of an employee of Welcome Food Store . . .

against his/her will be means of actual and threatened force, violence, fear of immediate injury to her person." *Jackson*, 88 F.4th at 599 (quoting Movant's factual resume). Further, Movant "agreed that this factual resume was 'not intended to be a complete accounting of all of the facts and events related to the offense charged.'" *Id.* The record establishes that Movant intended to rob the store and took substantial steps toward that end. *See United States v. Hill*, 63 F.4th 335, 362 (5th Cir. 2023). The Fifth Circuit concluded that "[Movant] undisputedly attempted to rob the Welcome Food Store with the intent to affect interstate commerce." 88 F.4th at 601. Any argument that the first element had not been met would have been frivolous.

Movant next argues that appellate counsel should have challenged the upward variance as an abuse of discretion. ECF No. 1 at 9. As the government notes, however, Movant waived the right to raise this issue on appeal and on collateral review. CR ECF No. 63, ¶ 11. His waiver was knowing, voluntary, and intelligent and is enforceable. *United States v. Sanchez Guerrero*, 546 F.3d 328, 335 (5th Cir. 2008); *United States v. McKinney*, 406 F.3d 744, 746–47 (5th Cir. 2005).

Movant admits that appellate counsel informed him of his right to file a petition for writ of certiorari and that he received that notice with ample time for him to file his own petition or seek an extension of time. ECF No. 1 at 12. He was not denied a constitutional right. *See Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982); *Clark v. Johnson*, 227 F.3d 273, 283 n.5 (5th Cir. 2000).

Movant's third and fourth grounds are likewise barred. They were procedurally defaulted because they were not raised on appeal. *Shaid*, 937 F.2d at 231. Moreover, they are barred by the waiver of right to appeal. CR ECF No. 63, ¶ 11. And, these grounds are without merit in any event. Movant clearly committed the offense to which he pleaded guilty and he has not shown any abuse of discretion in the sentence imposed.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **22nd day** of **April, 2025**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE